UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KASHON SQUIRE,   23-B-0588,

       Petitioner,

 -against-

ELMIRA CORRECTIONAL FACILITY,

       Respondent.
----------------------------------------------------------------X

For Online Publication Only

**MEMORANDUM & ORDER**
24-CV-7239(JMA)

**AZRACK, United States District Judge:**

On October 2, 2024, petitioner Kashon Squire, appearing *pro se*, filed a Petition seeking writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 ("Petition") together with an application to proceed *in forma pauperis* ("IFP"). (*See* Petition, ECF No. 1, IFP Mot., ECF No. 2.)

Upon review of Squire's application to proceed IFP, the Court finds that he is qualified by his reported financial status to commence this action without prepayment of the filing fees. Accordingly, Squire's application to proceed IFP is GRANTED.

The Court has initially reviewed this Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases and, for the reasons that follow, has determined that the Petition names an improper respondent and, more importantly, is unexhausted. Accordingly, the Petition is *sua sponte* dismissed without prejudice as set forth below.

## BACKGROUND

The Petition names Elmira Correctional Facility as the sole respondent and challenges Squire's custody arising from his August 18, 2021 convictions in Suffolk County Court for assault in the second degree and resisting arrest. (*See* Pet. ¶¶ 1(a)-(b), 3, 5, 6(a)(1)-(b).) According to the Petition, Squire pled guilty to second degree assault and was sentenced to a term of

incarceration of one-and-a-half to three years.[1]  (*Id.* at 1.)

Squire previously filed a § 2254 petition that also challenged an August 18, 2021 conviction that resulted in a prison sentence of one-and-a-half to three years.  That earlier petition was dismissed without prejudice because Squire had failed to exhaust his remedies his state court.[2]

For both of his petitions, Squire used a *pro se* form for § 2254 petitions that includes various check boxes and questions in order to assist *pro se* petitioners.

## DISCUSSION

### I.  Squire's Pro Se Status

Given his pro se status, the Court construes Squire's submissions liberally and interprets them "to raise the strongest arguments that they suggest." *United States v. Pilcher*, 950 F.3d 39, 44 (2d Cir. 2020) (*per curiam*) (quoting *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (*per curiam*)).  This policy is "driven by the understanding that implicit in the right to self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *McLeod*, 864 F.3d at 156 (emphasis added; internal quotation marks omitted). This liberal interpretation of Squire's submissions, however, "does not exempt [him] from compliance with relevant rules of procedural and substantive law." *See e.g.*, *United States v. Starling*, 76 F.4th 92, 99 (2d Cir. 2023) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)); *see Faretta v.*

---

[1] The Petition does not indicate whether Squire pled guilty to resisting arrest or was convicted of this count at trial. It is unnecessary to determine the underlying basis for Squire's resisting arrest conviction.  In either event, Squire's Petition would be dismissed without prejudice for failure to exhaust.

[2] In a Memorandum and Order dated August 1, 2024, the Court granted Squire's *in forma pauperis* application and dismissed his petition for failure to exhaust his remedies in state court.  *Squire v. Mickcorr Ramond New*, 2:24-CV-04174(JMA), ECF No. 8.  Although this earlier Petition references an August 18, 2021 conviction for *third* degree assault, it appears that both of Squire's petitions have sought to challenge the same assault conviction.

*California*, 422 U.S. 806, 834 n.46 (1975) (similar).

## II.  **Proper Respondent**

The Supreme Court instructs that "there is generally only one proper respondent to a given prisoner's habeas petition . . . the *person* with the ability to produce the prisoner's body before the habeas court." *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (emphasis added); *see also* Rules Governing § 2254 Cases, Rule 2(a) (Where, like here, "the petitioner is currently under a state-court judgment, the petition must name as respondent the state officer who has custody."); *Kendall v. INS*, 261 F. Supp. 2d 296, 299 (S.D.N.Y. 2003) ("A writ of habeas corpus is an order upon the person who holds [the prisoner] in what is alleged to be unlawful custody.") (internal citations and quotations omitted). Here, Squire names only the Elmira Correctional Facility as the sole respondent. However, the only proper respondent is the warden of that facility. Accordingly, the petition is dismissed without prejudice and with leave to renew by naming the warden once his claims are properly exhausted as set forth below.[3]

## III.  **Exhaustion**

"A federal court only has jurisdiction to hear a petition filed pursuant to title 28 U.S.C. section 2254 where the petitioner is 'in custody pursuant to the judgment of a State court.'" *Henry v. Davis*, No. 10-CV-5172, 2011 WL 319935, at *1 (E.D.N.Y. Jan. 26, 2011) (quoting 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States")). Furthermore, a

---

[3] Given Squire's failure to exhaust the claims in the petition, (*see infra* at 3–6), the Court declines to *sua sponte* amend the caption to reflect the warden of the Elmira Correctional Facility as the respondent.

district court may not grant the writ "unless the petitioner has first exhausted the remedies available in the state court or shows that 'there is an absence of available state corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant.'" *Henry*, 2011 WL 319935 at *1 (quoting 28 U.S.C. § 2254(b)(1)(B)(i)-(ii)); *Aparicio v. Artuz*, 269 F.3d 78, 90 (2d Cir. 2001). A federal claim is properly exhausted where it has been presented to the highest state court empowered to hear the claim. *Henry*, 2011 WL 319935 at *1 (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 190-91 (2d Cir. 1982)). "In New York, to invoke one complete round of the State's established appellate review process, a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005) (quotation marks and citations omitted).

In the instant matter, the Petition affirmatively indicates that, with respect to his direct appeal, Squire has not appealed the grounds raised in the Petition (or any other grounds) to the highest state court. In the space that asks whether Squire has appealed from the judgment of conviction, he checked both the "yes" and "no" boxes and wrote "N/A." (*Id.* ¶ 8.) Later in the Petition, Squire checked boxes indicating that he raised both issues in his Petition on direct appeal. (*Id.* at 6, 8.) However, even assuming that Squire did, in fact, file a direct appeal with the Appellate Division, any claims that he raised on his direct appeal would not be exhausted because Squire failed to seek review from the New York Court Appeals. The Petition affirmatively indicates that Squire did not seek "further review by a higher state court" (*Id.* ¶ 9(g).) Accordingly, Squire has not exhausted any claims on direct appeal.

4

The Petition also indicates that Squire has not fully exhausted any claims through a § 440.10 motion or other post-conviction proceeding. On page 4 of the Petition, Squire did not answer the question that asked whether, apart from a direct appeal, he filed any other "other petitions, applications, or motions concerning this judgment of conviction in any state court." (*Id.* at 4.) On pages 6 and 8 of the Petition, Squire does indicate, without any further explanation, that he raised the two issues presented in the Petition "through a post-conviction motion or petition for habeas corpus in a state trial court." (*Id.* at 6, 8.) However, even assuming that Squire did seek such post-conviction relief from the state trial court, the Petition affirmatively indicates that Squire did not file an appeal concerning any such post-convictions motions raised in the state trial court. (*Id.*) Accordingly, the Petition affirmatively indicates that Squire has not fully exhausted any post-conviction applications. *See Kelly v. Griffin*, No. 12 CIV. 3384, 2012 WL 6569769, at *7 (E.D.N.Y. Dec. 14, 2012) ("[I]t is well settled that failure to seek leave to appeal the denial of § 440.10 motion constitutes a failure to exhaust").

Given that Squire has not yet exhausted his state court remedies, which is required prior to the filing of a petition under § 2254, the Petition is dismissed without prejudice.[4] *See* 28 U.S.C. § 2254; *Henry*, 2011 WL 319935, at *2 (citing *Haynes v. Fiorella*, No. 10-CV-0843, 2010 WL 4365832, at *1 (W.D.N.Y. Nov. 3, 2010) (dismissing without prejudice petitioner's § 2254 petition where there was no indication that petitioner had exhausted state court remedies); *see also Cooper v. Warden of Robert N. Davoren Ctr.*, No. 19-CV-2297, 2019 WL 12239659, at *1 (E.D.N.Y. May 29, 2019) (*sua sponte* dismissing unexhausted § 2254 petition); *see also* Rule 4 of the Rules

---

[4] The Court also notes that, with respect to both the direct appeal process and post-conviction relief, the Petition does not allege that there was absence of an available State corrective process or that there are circumstances that rendered such process ineffective to protect Squire's rights.

Governing Section 2254 Habeas Corpus Cases in the United States District Courts, 28 U.S.C. foll. Sec. 2254 ("if it plainly appears from the face of petition . . . that petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner").

## CONCLUSION

For the reasons set forth above, the application to proceed IFP is GRANTED, but the Petition is DISMISSED WITHOUT PREJUDICE because it names an improper respondent and is unexhausted. A certificate of appealability shall not issue because Squire has not made a substantial showing that he was denied any constitutional right. *See* 28 U.S.C. § 2253(c)(2).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully directed to mail a copy of this Memorandum and Order to Squire at his address of record in an envelope marked "legal mail" and to note such mailing on the docket. The Clerk of the Court is also directed to close the case.

**SO ORDERED.**

Dated: May 12, 2025
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE